UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| MARY E. MCCLURE, ) | Civil Action No.: 6:06-cv-2624-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

Pending before the court are: 1) Plaintiff's [Docket Entry #6] motion to remand; and 2) Defendant's [Docket Entry #7] motion to dismiss. For the reasons stated below, Plaintiff's motion to remand is granted.

### Background

Plaintiff filed a claim for Short Term Disability benefits under the Verizon Wireless Managed Disability Benefits Plan, which is an employee welfare plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1001-1461). According to the complaint, Defendant Metropolitan Life Insurance Company ("MetLife") is in the business of reviewing, storing, and processing individuals' medical records and had possession of Plaintiff's medical records to process her claim for Short Term Disability benefits. (Complaint, ¶ 4, Docket Entry #1-2).

In the spring of 2005, MetLife allegedly sent Plaintiff's medical records to an unauthorized third person, Ms. Kimberly Lee. *Id.* at ¶ 5. The complaint alleges that Ms. Lee was not in the healthcare profession and had no ties to the health care or insurance industry. *Id.* Ms. Lee contacted Plaintiff after reviewing the medical records. *Id.*

As a result of MetLife's alleged conduct, Plaintiff filed this lawsuit in the South Carolina Court of Common Pleas for the Thirteenth Judicial Circuit alleging four state law causes of action: 1) Recklessness, Gross Negligence, and Negligence; 2) Invasion of Privacy/Publicizing of Private Affairs of No Legitimate Public Concern; 3) Breach of the Duty of Confidentiality; and 4) Outrage.  MetLife timely removed the case to federal court on the basis of federal question and diversity jurisdiction.  Plaintiff then filed a motion to remand with an attached stipulation which stated the Plaintiff would not seek a judgment in excess of $75,000.00 for her claims.

MetLife contends that Plaintiff's state law claims were properly removed to federal court because Plaintiff's claims are completely preempted by ERISA.  Additionally, MetLife argues that because Plaintiff's state law claims "relate to" an ERISA plan, Plaintiff's claims are preempted under § 514 of ERISA, 29 U.S.C. § 1144, and should be dismissed.

### **Discussion**

Because the Plaintiff has bound herself to the stipulation filed regarding the amount in controversy, the court finds that diversity jurisdiction cannot serve as the basis for federal jurisdiction in this case.  Thus, the dispositive issue in determining whether MetLife's removal of this case was proper is whether Plaintiff's claims are completely preempted by ERISA's civil enforcement provision, § 502(a), 29 U.S.C. § 1132(a).  If Plaintiff's claims are completely preempted by ERISA's civil enforcement provision, then her state law claims are converted into federal claims, and the action is removable to federal court. *Sonoco Products Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003) (stating "[t]he only state law claims properly removable to federal court are those that are 'completely preempted' by

ERISA's civil enforcement provision"). If Plaintiff's state law claims are not completely preempted by ERISA's civil enforcement provision, then removal to federal court is improper and the case should be remanded.

It is important to note the distinction between the doctrines of complete preemption and ordinary conflict preemption. The doctrine of ordinary conflict preemption provides that state laws that conflict with federal laws are preempted. *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). Ordinary conflict preemption is asserted as a federal defense to a plaintiff's lawsuit. *Darcangelo* 292 F.3d at 186-87. As a defense, ordinary conflict preemption does not appear on the face of a well-pleaded complaint and thus does not serve as a basis for removal to federal court. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). In the ERISA context, the doctrine of ordinary conflict preemption applies to supersede or preempt state laws that "relate to" an ERISA plan.[1] § 514(a) of ERISA, 29 U.S.C. § 1144(a). MetLife's arguments in support of its motion to dismiss are premised on the doctrine of ordinary conflict preemption under § 514(a) of ERISA.

In contrast, complete preemption is asserted as a basis for removal of a state law claim to federal court. Complete preemption applies where "Congress so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Sonoco Products*, 338 F.3d at 371 (internal quotations omitted). As stated above, when complete preemption applies to a state law claim, the state law claim is converted

---

[1] "[T]he Supreme Court has explained that Congress intended to preempt at least three categories of state law under § 514: (1) laws that mandate employee benefit structures or their administration , (2) laws that bind employers or plan administrators to particular choices or preclude uniform administrative practices, and (3) laws that provide alternative enforcement mechanisms to ERISA's civil enforcement provisions." *Darcangelo*, 292 F.3d at 190.

into a federal claim, which may be removed to federal court. *Id*. Stated another way, "when complete preemption exists, 'the plaintiff simply has brought a mislabeled federal claim, which may be asserted under some federal statute.'" *Id*. (citing *King v. Marriot Intern. Inc.*, 337 F.3d 421, 425 (4th Cir. 2003)). MetLife argues that its removal of this case was proper under the doctrine of complete preemption.

With regard to cases that are removed to federal court on the basis of complete preemption by ERISA, if complete preemption does not apply, but the plaintiff's state law claim is arguably preempted as "relating to" an ERISA plan under § 514(a) (ordinary conflict preemption), the district court, being without removal jurisdiction, lacks the power to resolve the dispute regarding ordinary conflict preemption and must remand the case to state court. *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995).

In *Sonoco Products*, the Fourth Circuit identified three essential elements that must be met for complete preemption to apply. 338 F.3d at 372. First, the plaintiff must have standing under § 502(a) of ERISA to pursue its claim. *Id*. Second, the plaintiff's claim must fall within the scope of an ERISA provision that the plaintiff can enforce via § 502(a). *Id*. Third, the claim must not be capable of resolution without an interpretation of the ERISA plan. *Id*.

From the face of the complaint, the Plaintiff, as an applicant for Short Term Disability benefits under an ERISA plan, appears to have standing under § 502(a) of ERISA to pursue her claim. Furthermore, from the submissions of the parties, it does not appear that this issue is contested.

With regard to the second element of the *Sonoco Products* test for complete preemption, MetLife argues that *Darcangelo* is dispositive. *See Darcangelo*, 292 F.3d 181. In

4

*Darcangelo*, the Fourth Circuit stated in dicta that "[i]f Darcangelo is alleging that CORE, *in the course of processing a benefits claim or performing some other plan duty*, improperly disclosed her private medical information, this would be a claim for breach of fiduciary duty under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), and § 502(a)(1)-(3), 29 U.S.C. § 1132(a)(1)-(3)." 292 F.3d at 193 (emphasis in original).  MetLife argues that *Darcangelo* necessarily stands for the proposition that Plaintiff's claims in this case fall within the scope of an ERISA provision that the plaintiff can enforce via § 502(a), specifically a breach of fiduciary duty claim.

Unlike the hypothetical stated in *Darcangelo*, it is not apparent from the face of the complaint that Plaintiff's medical records were improperly disclosed *in the course of processing a benefits claim or performing some other plan duty*.  Admittedly, MetLife was in possession of Plaintiff's medical records as a result of her application for Short Term Disability benefits.  However, it is unclear at this stage and from the allegations of the Complaint whether MetLife or one of its agents sent Plaintiff's medical records to Ms. Lee *in the course of processing Plaintiff's claim for benefits* or *in the course of performing some other plan duty*.  As this case develops, it may be discovered that Ms. Lee received Plaintiff's medical records as the result of an intentional act of a rogue agent of MetLife.  If such were the case, MetLife's actions would clearly be non-fiduciary in nature and therefore unrelated to the ERISA plan. *See Darcangelo*, 292 F.3d at 195.

Plaintiff seeks actual and punitive damages for MetLife's alleged improper disclosure of her medical records.  The relief sought by Plaintiff does not fall "within the ambit of remedies provided by section 502." *Tucci v. First Unum Life Ins. Co.*, 446 F. Supp. 2d 473, 481

(D.S.C. 2006). ERISA does, of course, authorize breach of fiduciary duty claims. Section 502(a)(2) provides that a civil action may be brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief" for breach of fiduciary duty under § 409 of ERISA. 29 U.S.C. § 1132(a)(2). However, §§ 502(a)(2) and 409 of ERISA do not "authorize any relief except for the plan itself." *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985). The damages set forth in Plaintiff's complaint are damages that Plaintiff suffered individually. There are no allegations in the complaint that would entitle the plan itself to relief.

Section 502(a)(3) states that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). In *Varity Corp. v. Howe*, the Supreme Court held that § 502(a)(3) authorized individual relief for breach of a fiduciary obligation. 516 U.S. 489, 510-15 (1996). However, § 502(a)(3) authorizes *only equitable relief* and does not provide for actual or punitive damages. *Varity Corp.*, 516 U.S. at 509. This court is not aware of an equitable remedy that would redress the wrongs allegedly suffered by the Plaintiff in this case. Because § 502(a) provides no relief for the allegations in Plaintiff's complaint, Plaintiff's claims do not fall within the scope of an ERISA provision that the Plaintiff can enforce via § 502(a).

Regarding the third element of the *Sonoco Products* test for complete preemption, Plaintiff's claims are capable of resolution without an interpretation of the ERISA plan. A close examination of the ERISA plan under which Plaintiff submitted her claim for Short Term

Disability benefits reveals that the plan does not refer to any duty or obligation on the part of MetLife to maintain the confidentiality of Plaintiff's medical information.  Thus, it will not be necessary to construe or interpret the terms of the plan in order to resolve Plaintiff's claims.

Plaintiff's claims are not completely preempted by ERISA because the second and third elements of the *Sonoco Products* test for complete preemption have not been met.  Because complete preemption does not exist and there are no other grounds for federal court jurisdiction, this case should be remanded to the South Carolina Court of Common Pleas for the Thirteenth Judicial Circuit.  This court is without jurisdiction to decide Defendant's motion to dismiss Plaintiff's complaint.

## Conclusion

For the reasons stated above, Plaintiff's [Docket Entry #6] motion to remand is **GRANTED**.  The court declines to rule on Defendant's [Docket Entry #7] motion to dismiss.  This case is hereby **REMANDED** to the South Carolina Court of Common Pleas for the Thirteenth Judicial Circuit in Greenville County.  A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of Court for the Thirteenth Judicial Circuit in Greenville County.

**IT IS SO ORDERED**.

August 31, 2007                                                                       s/ R. Bryan Harwell
Florence, SC                                                                              R. Bryan Harwell
                                                                                                   United States District Judge